UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
TERRAINE HODGES,

                        Plaintiff,

-against-

UNITED STATES OF AMERICA.

                        Defendant.
-------------------------------------------------------------X

**ORDER ADOPTING REPORT AND RECOMMENDATION**
16-CV-1339 (AMD) (SJB)

**Ann M. Donnelly, United States District Judge:**

On March 16, 2016, the *pro se* plaintiff, Terraine Hodges, commenced this action against the defendant, The United States of America, alleging medical malpractice in connection with surgery conducted at a Veteran's Administration hospital in East Orange, New Jersey. (ECF No. 1.) The plaintiff brought this claim under the Federal Tort Claims Act ("FTCA"), seeking declaratory relief, compensatory damages, and costs for injuries. (ECF No. 1.) On February 24, 2017, the defendant filed a motion to dismiss, or alternatively, summary judgment to dismiss the action with prejudice; the plaintiff responded on March 3, 2017. I referred this matter to Chief Magistrate Judge Roanne L. Mann on March 6, 2017, who issued a report and recommendation ("R&R") on April 5, 2017, granting the defendant's motion in part and dismissing the complaint without prejudice. (ECF No. 31.) Both the plaintiff and the defendant filed objections. On September 1, 2017, this matter was reassigned to Magistrate Judge Sanket J. Bulsara.

I have reviewed the plaintiff's complaint, the defendant's motion papers and the plaintiff's opposition, Judge Mann's R&R, and the parties' objections. For the reasons discussed below, I adopt Judge Mann's thorough and well-reasoned R&R in its entirety, and dismiss the plaintiff's complaint without prejudice.

below, I adopt Judge Mann's thorough and well-reasoned R&R in its entirety, and dismiss the plaintiff's complaint without prejudice.

## BACKGROUND

The facts of this matter are discussed in greater detail in Judge Mann's R&R. The relevant facts are as follows: To limit meritless and frivolous claims, pursuant to New Jersey's affidavit of merit statute ("AOM Statute"), all medical malpractice suits resulting from conduct in New Jersey require a plaintiff to file an affidavit from a qualified physician (not necessarily the treating physician) affirming that there is a "reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices." (N.J. Stat. Ann. § 2A:53A-27). The AOM should be filed within 60 days after the defendant answers the complaint. *Id.* Here, after the plaintiff unsuccessfully attempted to get an AOM within the allotted time, Judge Mann held a conference with the parties on December 12, 2016 to discuss how to proceed. Following the conference, Judge Mann decided that, in view of the plaintiff's *pro se* status, the diligent effort she made to get the AOM, and the treating physician's alleged refusal to cooperate, "extraordinary circumstances" warranted an extension of the plaintiff's deadline to file the AOM until January 27, 2017. (ECF No. 24.) Judge Mann ruled that if the plaintiff had not filed the required AOM by the new date, the defendant would be allowed to file its dispositive motion. (ECF No. 24.)

The plaintiff did not file her AOM by January 27, 2017, and the defendant filed its dispositive motion on February 24, 2017. (ECF No. 25.) The plaintiff has yet to file her AOM.

2

## DISCUSSION

In considering an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a magistrate judge makes a recommendation that is dispositive of a party's claim, the district judge must review *de novo* any part of the magistrate judge's decision to which a party properly objects. Fed. R. Civ. P. 72(b)(3). The court may adopt any sections of the magistrate's report to which a party did not object, as long as the magistrate's decision was not "facially erroneous." *Markey v. Lapolla Indus., Inc.*, No. 12-cv-4622-JS-AKT, 2016 WL 324968, at *3 (E.D.N.Y. Jan. 26, 2016) (citation omitted).

The defendant asserted that the plaintiff could not maintain her cause of action without an AOM. (ECF No. 25-3 at 9.) In opposition, the plaintiff acknowledged that she did not submit the affidavit, but asked Judge Mann to waive the AOM requirement because of her *pro se* status and her efforts to obtain the affidavit. (ECF No. 27 at 4-5.) The defendant responded that the plaintiff's case was not covered by any of the four limited exceptions that courts have applied to excuse the AOM requirement.

Judge Mann carefully analyzed the four exceptions to the AOM Statute, and determined that the plaintiff did not qualify for any of the exceptions. (ECF No. 31 at 6-17.) Judge Mann had already granted the plaintiff one "extraordinary circumstances" extension; she was "aware of no authority permitting an additional extension of time." (ECF No. 31 at 17.) Under the circumstances of this case, however, Judge Mann recommended that the plaintiff's claim be dismissed without prejudice, so that the plaintiff could renew the action if she obtained an AOM before the expiration of the statute of limitations. (ECF No. 31 at 17.)

3

The defendant objects to Judge Mann's recommendation that the dismissal be without prejudice, on the grounds that it "effectively provid[es] the plaintiff with another chance to renew [her] action and produce an [AOM]". (ECF No. 33 at 4.) The defendant contends that there is no evidence that extraordinary circumstances prevented the plaintiff from filing an AOM. (ECF No. 33 at 4-5.) Rather, the defendant claims that the plaintiff's failure to file an AOM was "due to her unjustified insistence" that the AOM come from her treating physician – even though the plaintiff was aware that the affidavit could come from any medical provider. (ECF No. 33 at 5-6.) Further, the defendant argues that even if the dismissal without prejudice were upheld, future litigation would involve the very same question of "extraordinary circumstances" under the equitable tolling doctrine, because the plaintiff's claim would be barred by the FTCA's six-month statute of limitations. (ECF No. 33 at 4.) For the below reasons, I adopt Judge Mann's recommendation to dismiss the plaintiff's complaint without prejudice.

"Where a plaintiff cannot establish substantial compliance with the AOM Statute, the New Jersey Supreme Court has held that dismissal of the plaintiff's complaint should be with prejudice in all but extraordinary circumstances." *Nuveen Mun. ex rel Nuveen High Mun. Bond Fund v. WithumSmith Brown*, P.C., 692 F.3d 283, 308-09 (3rd Cir. 2012) (internal citations omitted). Though a finding of extraordinary circumstances does not waive the AOM requirement, it does allow a plaintiff to refile an action. *See id*; *Ferreira v. Rancocas Orthopedic Assoc.*, 178 N.J. 144, 151 (2003). The extraordinary circumstances analysis is a fact-specific, case-by-case analysis, and is intended to "temper the draconian results of an inflexible application of the statute." *Ferreira*, 178 N.J. at 151; *see also Tischler v. Watts*, 177 N.J. 243, 246 (2003). The Supreme Court of New Jersey has explained that while the "core purpose" of the statute is to minimize the number of meritless lawsuits, the "purpose [is] not to create a

minefield of hyper-technicalities in order to doom innocent litigants possessing meritorious claims." *Paragon Contractors, Inc. v. Peachtree Condominium Ass'n*, 202 N.J. 415, 421-22 (2010). Nevertheless, New Jersey courts considering the issue of extraordinary circumstances agree that "[c]arelessness, lack of circumspection, or lack of diligence on the part of counsel are not extraordinary circumstances which will excuse missing a filing deadline." *See, e.g., Burns v. Belafsky*, 326 N.J.Super. 462, 469-70 (App. Div. 1999) (internal quotation marks and citation omitted); *Medina v. Pitta*, 442 N.J.Super. 1, 21 (App. Div. 2015); *see also Paragon Contractors*, 202 N.J. at 422-23.

A finding of extraordinary circumstances is fact-specific, and designed to allow plaintiffs to bring meritorious claims in "good faith." *See Paragon Contractors*, 202 N.J. at 421-22. In this case, I agree with Judge Mann that the plaintiff should be allowed to refile her action if she can comply with the AOM Statute. Of course, as the defendant points out, even if the plaintiff were to obtain an AOM, she will have to establish either that her claim has been filed within the statute of limitations period, or that extraordinary circumstances warrant an equitable tolling of the statute.

The plaintiff also objects to the R&R, arguing that requiring an AOM violates her constitutional rights to due process and equal protection, because it "deprives [her] access to the courts." (ECF No. 32 at 1.) I find that the plaintiff's objection is without sufficient legal merit or particularity. *See, e.g., Balthazar v. Atlantic City Medical Center*, 358 N.J.Super. 13, 19, n.6 (App. Div. 2003) (finding the plaintiff's constitutionality argument did not have "sufficient merit" to warrant substantive discussion); *Ferreira*, 178 N.J. at n. 1. (the statute's constitutionality has not been questioned in "more than half-dozen cases" before New Jersey's Supreme Court); *Petrovic v. Commissioner of Social Security*, No. 15-cv-2194-KMK-PED, 2016

5

WL 6082038, at *1 (S.D.N.Y. Oct. 14, 2016) (finding no clear error where *pro se* plaintiff's objections to an R&R – even broadly construed – were conclusory and vague, and therefore not entitled to *de novo* review). In any event, because I adopt the R&R dismissing the plaintiff's claim without prejudice, the plaintiff's assertion – that she is deprived of access to the court – is moot.

## CONCLUSION

Accordingly, I adopt the R&R in its entirety and dismiss the plaintiff's complaint without prejudice.

**SO ORDERED.**

                                                    s/Ann M. Donnelly
                                                    Ann M. Donnelly
                                                    United States District Judge

Dated: Brooklyn, New York
       September 26, 2017